UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY as successor to ZURICH INSURANCE COMPANY, U.S. BRANCH,<br><br>Plaintiff,<br><br>against<br><br>MUNICH REINSURANCE AMERICA, INC., (f/k/a American Re-Insurance Company)<br><br>Defendant. | Civ. No. 07 CV 2943 (LBS)<br><br>**ANSWER**<br>**TO COMPLAINT** |

Defendant Munich Reinsurance America, Inc. (f/k/a American Re-Insurance Company) ("MRAm"), by its attorneys Rubin, Fiorella & Friedman LLP, as and for its Answer to plaintiff's Complaint, responds as follows:

### NATURE OF THE ACTION

1.  MRAm admits that this action involves a reinsurance dispute and denies the remaining allegations contained in paragraph 1 of the Complaint.

2.  In response to paragraph 2 of the Complaint, MRAm admits that Zurich seeks damages, but denies that MRAm has breached its obligations under the subject certificates, denies that it has breached the implied duty of utmost good faith, and denies that it has an implied duty to follow Zurich's fortunes under the subject Certificates.

### PARTIES

3.  MRAm lacks knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph 3 of the Complaint.

4.  MRAm admits the allegations in paragraph 4 of the Complaint.

1

## JURISDICTION AND VENUE

5. MRAm admits the allegations in paragraph 5 of the Complaint.

6. MRAm admits that Plaintiff asserts that venue is properly placed in this Court, but lacks knowledge or information sufficient to form a belief as to Plaintiff's stated basis for such assertion.

## FACTUAL BACKGROUND

7. MRAm admits the allegations in paragraph 7 of the Complaint.

8. MRAm admits the allegations in paragraph 8 of the Complaint except that MRAm lacks knowledge or information sufficient to form a belief as to whether Watts submitted claims for coverage under the Zurich Umbrella Policies.

9. MRAm admits the allegations of paragraph 9 of the Complaint, but denies that the reinsurer agrees to indemnify the cedent unless the cedent pays a loss that is covered by the underlying policy and the reinsurance agreement and that the loss payment is reasonable, made in good faith and in a business-like manner, and that all terms and conditions of the reinsurance agreement have been complied with.

10. MRAm admits the allegations of paragraph 10 of the Complaint.

11. MRAm admits that it issued Certificate 008 782 992, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

12. MRAm admits that it issued Certificate 008 896 425, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

13. MRAm admits that it issued Certificate 009 031 142, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

14. MRAm admits that it issued Certificate 009 008 822, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

15. MRAm admits that it issued Certificate 009 236 266, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

16. MRAm admits that it issued Certificate 009 252 225, and refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

17. MRAm admits that Zurich paid all premiums, but denies the remaining allegations in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, MRAm refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

19. In response to paragraph 19 of the Complaint, MRAm refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

20. In response to paragraph 20 of the Complaint, MRAm refers the Court to the Certificate itself for a complete recitation of its terms and conditions.

21. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, and states that the Armenta pleadings speak for themselves.

23. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, and states that the Rothschild pleadings speak for themselves.

24. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and states that the Armenta and Rothschild pleadings speak for themselves.

25. MRAm denies Zurich's characterization of the Court's Order of November 27, 2001 in paragraph 25 of the Complaint, and states that the Order speaks for itself.

26. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and states that the Rothschild order speaks for itself.

27. In response to paragraph 27 of the Complaint, MRAm admits that Zurich has paid some amount, but denies Zurich's characterization of monies paid by Zurich to Watts and/or Jones as "defense costs."

28. MRAm admits the first sentence of paragraph 28 of the Complaint, but denies Zurich's characterization of the Court's November 22, 2002 Order, and states that the Order speaks for itself. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 28.

29. MRAm admits the first sentence of paragraph 29 of the Complaint, but denies Zurich's characterization of the Court's August 6, 2004 Order, and states that the Order speaks for itself. MRAm lacks knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of paragraph 29.

30. In response to paragraph 30 of the Complaint, MRAm denies Zurich's characterization of the Court Order and the nature of any payments it made to Watts and Jones, but admits that Zurich incurred declaratory judgment expense in connection with the Coverage Action.

31. MRAm admits the allegations in paragraph 31 of the Complaint.

32. In response to paragraph 32 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

33. In response to paragraph 33 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

34. In response to paragraph 34 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

35. In response to paragraph 35 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

36. In response to paragraph 36 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

37. In response to paragraph 37 of the Complaint, MRAm admits that there is an invoice dated June 12, 2006 reflecting those amounts, but lacks knowledge or information

sufficient to form a belief as to whether those amounts result from an allocation, and denies all other allegations.

38. MRAm denies the allegations in paragraph 38 of the Complaint.

39. MRAm admits the allegations in paragraph 39 of the Complaint.

40. In response to paragraph 40 of the Complaint, MRAm admits that it has refused to pay amounts billed by Zurich because the amounts paid by Zurich are not in respect of covered losses and denies that any payments are owed under the Facultative Certificates.

## COUNT I

41. MRAm realleges and incorporates by reference its answers hereinabove set forth at paragraphs 1 through 40 as if fully set forth herein at length.

42. MRAm denies the allegations in paragraph 42 of the Complaint.

43. MRAm denies the allegations in paragraph 43 of the Complaint.

44. MRAm denies the allegations in paragraph 44 of the Complaint.

45. MRAm denies the allegations in paragraph 45 of the Complaint.

## COUNT II

46. MRAm realleges and incorporates by reference its answers hereinabove set forth at paragraphs 1 through 45 as if fully set forth herein at length.

47. MRAm admits the allegations of paragraph 47 of the Complaint.

48. MRAm denies Zurich's characterization of the monies paid under the Zurich primary policies, but admit that monies were paid. MRAm admits the allegations of the second sentence of paragraph 48 of the Complaint.

49. MRAm admits that the trial court has issued various orders, the terms of which speak for themselves, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 49 of the Complaint.

50. MRAm denies the allegations in paragraph 50 of the Complaint.

51. MRAm neither admits nor denies paragraph 51 of the Complaint as it calls for a legal conclusion, and refers all questions of law to the Court for determination.

52. MRAm admits that Zurich requests the relief specified in paragraph 52 of the Complaint for the reasons stated therein, but denies that Zurich is entitled to the relief requested or to any relief whatsoever.

## AS AND FOR MRAm's DEFENSES

### First Defense
### (Breach of Duty Of Utmost Good Faith)

53. Zurich may have breached its duty of utmost good faith owed to MRAm, and therefore may not be entitled to recovery under the Certificates.

### Second Defense
### (Condition Precedent - General Obligations)

54. Zurich's claims may be barred, in whole or in part, to the extent that Zurich failed to perform fully all of the obligations under the subject Certificates or to comply fully with the terms, obligations, and conditions of the Certificates, or to fulfill its obligation to MRAm under accepted custom and practice in the reinsurance industry.

### Third Defense
### (Condition Precedent - Cooperation)

55. Zurich's claims may be barred, in whole or in part, to the extent that Zurich may have failed to cooperate with MRAm as required by the Certificates.

### Fourth Defense
### (Voluntary Payment)

56.     Zurich's claims may be barred, in whole or in part, to the extent that Zurich has made *ex gratia* payments to Watts and Jones in respect of claims not covered under Zurich's Primary Policies.

### Fifth Defense
### (Certificate Provisions)

57.     Zurich's claims may be barred, in whole or in part, by the terms, conditions, definitions, declarations, endorsements and/or limitations contained in the Certificates.

**WHEREFORE,** MRAm asks this Court to enter judgment in its favor and against Zurich:

(a)     Dismissing with prejudice the Complaint against MRAm in its entirety;

(b)     Declaring that MRAm has no obligation to indemnify or reimburse Zurich for any amount whatsoever, including any amounts sought in the Complaint.

(c)     Awarding MRAm its attorneys' fees and costs, and such other and further relief as this Court deems just and proper.

_____
Bruce M. Friedman (BF-9074)
Rubin, Fiorella & Friedman LLP
292 Madison Avenue, 11th Floor
New York, New York  10017
(212) 953-2381

Of Counsel:
Robert J. Bates, Jr.
Maryann C. Hayes
Bates & Carey LLP
191 North Wacker, Suite 2400
Chicago, Illinois  60606
(312) 762-3100

TO:  Phoebe A. Wilkinson (PW-3143)
     **pwilkinson@chadbourne.com**
     Chadbourne & Parke LLP
     Attorneys for Plaintiff
     30 Rockefeller Plaza
     New York, New York 10112
     (212) 408-5100

G:\DBoudreau\BFriedman\Munich Re America\Zurich Am\Pleadings\Answer to Complaint.wpd

9

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

      **DIANE L. BOUDREAU**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York.

      That on the 1st day of June, 2007, deponent served, via email and regular mail the within **ANSWER TO COMPLAINT** upon:

      Phoebe A. Wilkinson
      **pwilkinson@chadbourne.com**
      Chadbourne & Parke LLP
      30 Rockefeller Plaza
      New York, New York  10112

in this action at the address designated by said attorney for that purpose by depositing same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office within the State of New York.

                                                      _____
                                                      DIANE L. BOUDREAU

Sworn to before me this
1st day of June, 2007

_____
Notary Public

TARA K. DEMAIO
Notary Public, State of New York
No. 02DE6115963
Qualified in Queens County
Commission Expires January 10, 20 09

11